**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KEVIN FITZWATER<br>211 Harkness Road<br>Gillett, PA 16925<br><br>Plaintiff,<br><br>v.<br><br>AUTOZONERS LLC<br>P.O. Box 1180<br>Londonderry, NH 03053<br><br>Defendant. | Civil Action No. : __________<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT – CIVIL ACTION

Plaintiff, Kevin Fitzwater ("Plaintiff"), by and through his undersigned attorney, for his Complaint against Defendant, Autozoners LLC ("Defendant"), alleges as follows:

## INTRODUCTION

1. Plaintiff initiates this action contending Defendant has violated his rights protected by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.; and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq*., by terminating Plaintiff because of his actual and/or perceived disabilities,

because of his past record of impairment, and/or in retaliation for Plaintiff's protected activity under the above-listed statutes.

## PARTIES

2. Plaintiff, Kevin Fitzwater, is a citizen of the United States and Pennsylvania and currently maintains a residence at 211 Harkness Road Gillet, PA 16925.

3. Upon information and belief, Defendant, Autozoners LLC, is a limited liability company organized and existing under the laws of the State of New Hampshire with a place of business located at 342 Elmira Street Troy, PA 16947.

## JURISDICTION AND VENUE

4. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

5. On or about January 15, 2026, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 42 U.S.C. §§ 2000e5(b) and (e). Plaintiff's EEOC Charge was docketed as 530-2026-02960.

6. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

7. By correspondence dated July 27, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising him that he had ninety (90) days to file suit against Defendant.

8. Plaintiff filed the instant action within the statutory time frame applicable to his claims.

9. Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

10. This action is authorized and initiated pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.; and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq*.

11. This Court has original jurisdiction over Plaintiff's ADA claims, pursuant to 28 U.S.C. §§ 1331 and 1343, as these are civil rights actions arising under the laws of the United States.

12. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same nucleus of operative fact as the ADA claims.

13. The venue in this district is proper pursuant to 28 U.S.C. § 1391, as the Defendant resides in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## FACTUAL BACKGROUND

14. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

15. Plaintiff began his employment with Defendant in or about May 2024 in the position of Store Manager at Defendant's location at 342 Elmira Street Troy, PA 16947.

16. At all times material hereto, Plaintiff performed his job well and received no justifiable discipline.

17. On or about August 8, 2025, Plaintiff suffered an injury at work that resulted in a torn meniscus, which constitutes a disability within the meaning of the ADA and PHRA in that it substantially limits one or more major life activities.

18. Plaintiff subsequently requested a reasonable accommodation for light duty that would allow him to (1) work six hours a day; (2) sit as needed; and (3) push/push no more than twenty (20) pounds.

19. Plaintiff returned to work with the aforementioned restrictions on or about August 12, 2025.

20. As Plaintiff's treatment for his torn meniscus progressed, it became clear that he would require surgery.

21. Plaintiff promptly informed Defendant that he was in the process of scheduling a surgery for his torn meniscus.

22. On or about September 26, 2026, however, Defendant abruptly terminated Plaintiff's employment based on a false allegation that he had been stealing from Defendant.

23. In particular, Defendant claimed that Plaintiff had violated company policy by marking down a used battery from $59.99 to $20.00 and purchasing it for his own use.

24. In reality, however, Plaintiff had discussed marking down the battery with Defendant's District Manager and received permission to do so.

25. Accordingly, it is believed and therefore averred that Defendant's claimed reason for Plaintiff's termination was pretextual, and that Defendant actually terminated Plaintiff's employment because of his actual and/or perceived disabilities, because of his past record of impairment, and in retaliation for requesting a reasonable accommodation in connection thereto, in violation of the ADA and PHRA.

26. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101, et seq.**
**DISCRIMINATION & RETALIATION**

27. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

28. At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.

29. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities, as Plaintiff's torn meniscus substantially limited his ability to engage in one or more major life activities for an extended period of time.

30. At all times relevant hereto, Defendant had at least fifteen (15) employees.

31. Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

32. Plaintiff requested a reasonable accommodation in connection with his disabilities.

33. Despite his disabilities, Plaintiff would have been able to perform the essential functions of his job with or without a reasonable accommodation.

34. By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees, have violated the ADA by terminating Plaintiff because of his actual and/or perceived disabilities, because of his record of disability/impairment and in retaliation for requesting a reasonable accommodation.

35. Additionally, Defendant, through its agents, officers, servant, and/or employees, has violated the ADA by failing to engage, in good faith, in the interactive process to determine a reasonable accommodation and by failing to accommodate Plaintiff upon learning of Plaintiff's request(s) and/or need for accommodation(s).

36. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress, damage to reputation, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D. Pre-judgment interest in an appropriate amount;

E. Such other and further relief as is just and equitable under the circumstances; and

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

**COUNT II**
**PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951, et seq.**
**DISCRIMINATION & RETALIATION**

37. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

38. Plaintiff is a qualified individual with a disability/handicap within the meaning of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et seq. and as such is a member of a class protected under the PHRA from unlawful discrimination and/or retaliation.

39. As described above, Plaintiff's disabilities substantially limit Plaintiff in one or more major life activities.

40. Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

41. Plaintiff requested a reasonable accommodation in connection with his disabilities.

42. By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, violated the PHRA by terminating Plaintiff's employment because of his actual and/or perceived disabilities, for Plaintiff's record of impairment/disability, and in retaliation for requesting a reasonable accommodation in connection thereto.

43. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C. Pre-judgment interest in an appropriate amount; and

D. Such other and further relief as is just and equitable under the circumstances; and

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: */s/ Johannes Hoffman, Esq.*
Michael Murphy, Esquire
Johannes Hoffman, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
jhoffman@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: October 6, 2026

**DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical evidence and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.